UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF<br>   ELECTRICAL WORKERS LOCAL UNION NO. 380<br>   HEALTH & WELFARE FUND,<br>IBEW LOCAL UNION NO. 380 PENSION<br>   TRUST FUND,<br>THOMAS BURKE, in his official capacity as a fiduciary,<br>INTERNATIONAL BROTHERHOOD OF<br>   ELECTRICAL WORKERS LOCAL UNION NO. 380<br>3900 Ridge Pike<br>Collegeville, PA  19426<br><br>                         Plaintiffs,<br>    v.<br><br>MIDATLANTIC SITE SERVICES, LLC<br>   d/b/a MidAtlantic Sign & Site Services, LLC<br>313 Pennington Avenue<br>Waterford Works, NJ  08089<br><br>                         Defendant. | CIVIL ACTION NO: |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

### JURISDICTION

1.    This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§185(a), 1132, 1145, and supplemental jurisdiction with respect to any matters governed by state law, under 28 U.S.C. §1367.

2.    A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

### VENUE

3.    Venue lies in the Eastern District of Pennsylvania under 29 U.S.C. §§185(a) or 1132(e)(2).

## PARTIES

4.     Plaintiffs, International Brotherhood of Electrical Workers Local Union No. 380 Health & Welfare Fund and IBEW Local Union No. 380 Pension Trust Fund ("Welfare Fund" and "Pension Fund"), are trust funds established under 29 U.S.C. §186(c)(5).  The Trustees of the Welfare Fund and Pension Fund are, collectively and individually, the "plan sponsor" and "fiduciary(ies)" of the IBEW Local No. 380 Health and Welfare Plan ("Welfare Plan") and the I.B.E.W. Local 380 Pension Plan ("Pension Plan").  The Pension Plan and Welfare Plan are "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. §1002(37), (1), (2) and (3).

5.     Plaintiff Thomas Burke ("Burke"), is a trustee and fiduciary of the Welfare Plan and Pension Plan within the meaning of 29 U.S.C. §1002(21). He has a business address as listed in the caption and is authorized to bring this action on behalf of all Trustees of the Welfare Plan and Pension Plan.

6.     Plaintiff, International Brotherhood of Electrical Workers Local Union No. 380 ("Union"), is an unincorporated association commonly referred to as a labor union, and is an employee organization which represents, for purposes of collective bargaining, employees of MidAtlantic Site Services, LLC, who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6) and (7), 185(a) and 1002(4), (11) and (12).

7.     The Welfare Plan and Pension Plan are jointly referenced as "Funds" in this complaint.

8.     Upon information and belief, Defendant, MidAtlantic Site Services, LLC d/b/a

MidAtlantic Sign & Site Services, LLC ("Company") is a New Jersey limited liability company and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

## COMMON FACTS

9. At all times relevant to this action, the Company was party to, or otherwise bound by, a collective bargaining agreement(s) with the Union (singly or jointly, "Labor Contract"). A true and correct copy of the Labor Contract is attached as **Exhibit 1**.

10. The Company also agreed to abide by the terms of the Trust Agreements of the Funds, as from time to time amended (jointly referred to as "Trust Agreements"), made between certain employers and employee representatives in an industry(ies) affecting commerce to promote stable and peaceful labor relations. True and correct copies of the Trust Agreements for the Pension Fund and Welfare Fund are attached as **Exhibits 2 and 3** respectively. A true and correct copy of the Delinquency Procedure adopted by the Trustees of the 380 Benefit Funds is attached as **Exhibit 4**.

11. Under the Labor Contract or Trust Agreements and incorporated rules adopted by the Funds' Trustees, the Company agreed:

(a) To make full and timely payments on a monthly basis to the Funds as required by the Labor Contract. Ex. 1 Art. XII.

(b) To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract. Ex. 1. Art. XII.

(c) To produce, upon request by the Funds, individually or jointly, all books and records deemed necessary to conduct an audit of their records concerning their obligations to the Funds. Ex. 2, Art. VII §5; Ex. 3, Art. IV §1(f); Ex. 4, ¶¶6, 7.

(d) To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Company's failure to comply with its contractual obligations described in Subparagraphs (a), (b) and (c). Ex. 4, ¶¶ 5, 7.

(e) To pay wages and dues and other amounts withheld from employee pay under the Labor Contract. Ex. 1, Art. IV §§ 4-5.

12. Burke and the trustees of the Pension Fund are the authorized collection agent for:

(a) the Funds,

(b) and dues due the Union.

13. The Funds, Union and Burke are hereinafter jointly referred to as "Plaintiffs."

COUNT I - CONTRIBUTIONS UNDER CONTRACT

PLAINTIFFS

v.

COMPANY

14. The allegations of Paragraphs 1 through 13 are incorporated by reference as if fully restated.

15. Based upon information presently available to the Plaintiffs, the Company owes the Plaintiffs at least the sum of $21,671.14 due under the Labor Contract or Trust Agreements for the period March 2013 through September 2013 as detailed on the attached **Exhibit 5**.

16. The Company has not paid the Plaintiffs as required by the Labor Contract or Trust Agreements.

**WHEREFORE,** the Plaintiffs ask that the Court:

(1) Enter judgment against the Company in favor of the Plaintiffs for at least

$21,671.14 plus all additional amounts found to be due and owing during the pendency of this litigation together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER ERISA

## FUNDS

## v.

## COMPANY

17. The allegations of Paragraphs 1 through 13 are incorporated by reference as if fully restated.

18. Based upon information presently available to the Funds, the Company has failed to pay contributions to the Funds in at least the amount of $ 20,412.67 for the period March 2013 through September 2013 as detailed on the attached **Exhibit 5** in violation of 29 U.S.C. §1145.

19. The Funds have been damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE,** the ERISA Funds ask that the Court:

(1) Enter judgment against the Company in favor of the ERISA Funds for at least $20,412.67 plus any additional amounts which are found to be due and owing during the pendency of this litigation, together with interest at the rate prescribed by 26 U.S.C. §6621, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the ERISA Funds or statute and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

>Respectfully submitted,
>
>JENNINGS SIGMOND, P.C.
>
>BY: _____
>MATTHEW S. HAGARTY
>ID NO. 203820
>The Penn Mutual Towers, 16th Floor
>510 Walnut Street
>Philadelphia, PA  19106
>(215) 351-0660
>mhagarty@jslex.com
>Attorney for the Plaintiffs

Date: December 27, 2013